**E-FILED**
Monday, 22 March, 2010 09:35:26 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

William D. Dickerson,
Plaintiff,

vs. 09-1347

Hostetler, et al.,
Defendants.

MERIT REVIEW ORDER

The plaintiff, William D. Dickerson, who was a federal pre-trial detainee at the time, filed his complaint on October 15, 2009 against Hostetler, a classification officer; all agents, known and unknown in their individual and official capacities; Tazewell County, Tazewell County Justice Center and Tazewell County Justice Center Classification Department.

The plaintiff claims that upon his arrival at Tazewell County Jail on September 30, 2009, he was placed in general population. On October 1, 2009, he had a classification interview performed by the defendant Hostetler. Hours after interviewing the plaintiff, Hostetler returned to general population and attempted to question the plaintiff concerning his recent and current federal indictment charges. The court takes judicial notice[1] that the plaintiff was charged with 18.111.F ASSAULTING/RESISTING/IMPEDING OFFICERS/EMPLOYEES. The indictment alleged that on or about August 5, 2009, in Pekin, within the Central District of Illinois, Dft. did forcibly assault, resist, oppose, impede, intimidate, and interfere with victim, in doing so did inflict bodily injury in violation of Title 18 U.S.C. Section 111(a) and (b). On or about 8/5/9 at FCI Pekin, Deft did assault a federal employee in violation of 18:111(a)&(b): ASSAULTING/ RESISTING/IMPEDING OFFICERS/EMPLOYEES(1). See *Radaszewski ex rel. Radaszewski v. Maram*, 383 F.3d 599, 600 (7th Cir.2004) (administrative findings); *Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir.1998) (historical

[1]See Central District of Illinois court docket, case number 09-cr-10096, U.S.A. v. Dickerson. On 2/8/10, a jury found Dickerson "Guilty of Assault on a Federal Employee as Alleged in the Indictment".

documents, public record, administrative)

When questioned by Hostetler, Plaintiff claims he immediately exercised his right to remain silent. The Plaintiff claims that Hostetler then "threatened" to remove him from general population to maximum security and/or disciplinary segregation for his "failure to discuss the specifics of his recent federal charges, in violation of his right to remain silent, right to 'self-incrimination,' his right to have counsel present...." The Plaintiff claims that Hostetler placed the plaintiff in "maximum security and/or disciplinary segregation for exercising his federal constitutional rights to remain silent . . . " After being removed from general population, the plaintiff filed an appeal of Hostetler's classification. He claims he filed the appeal on October 1, 2009 and he has not received a response. He claims this is all in violation of his First Amendment right to petition for redress and grievances, and Fifth and Fourteenth Amendment right to due process of law and to be free of cruel and unusual punishment. Further, the plaintiff claims that because of his classification, he was unable to go to the law library to research "his case."

As the plaintiff made his grievances an issue in this case, the court asked the plaintiff to file a copy of his grievances in order to better understand the claims he brings against the defendants. The plaintiff complied with the court's order and filed a copy of the grievance materials [8] on February 2, 2010. His grievance was a two-page grievance. The plaintiff filed only the first page and alleged that the jail staff after learning about the instant lawsuit confiscated his complaint and the second page of his grievance. The court finds it curious that if this was true, the jail staff would take only the second page of a grievance, but not the first. The court reviewed the grievance material filed by the plaintiff and found that it was not legible. Therefore, the court directed the sheriff of the Tazewell County jail to fax a copy of the grievance materials. The sheriff complied with the court's order. He faxed the entire two page grievance. The grievance was still not legible, but the court was able to ascertain that the grievance had been reviewed and responded to by the U. S. Marshall Service. Therefore, the court directed the U. S. Marshall Service to fax a copy of the grievance materials. The court directed the clerk of the court to file the documents and to forward a copy of the materials to the plaintiff.

A merit review of the plaintiff's conference was held on March 17, 2010. The court notes that on March 16, 2010, the plaintiff filed objections [12] to the conference. Plaintiff argues that this court does not have authority to hold a merit review conference of his complaint. In his motion, the plaintiff asserts that he would be prejudiced if "deposed by this court during the telephone conference hearing, and asserts that a merit review screening under § 1915A does not embody such action by the court. He also asserts, in

par. 6, that he “lacks any formal legal education and has insufficient skills and knowledge to conduct a telephone conference and [to] identify his claims and the defendants. “ Contrary to that assertion, the court takes judicial notice that in his criminal case 09-cr-10096, on February 18, 2010, the plaintiff filed a motion to dismiss his attorney and to represent himself [28]. In that motion, the plaintiff asserted that he was “highly capable of representing himself . . . .” He further asserted that “he has the right to represent himself and is qualified enough to do so.” Assertions made by him in his February 18, 2010 motion in his criminal case belie the assertions made in his March 16, 2010 objections made in the instant case. Apparently, this plaintiff talks out of both sides of his mouth. Nevertheless, the plaintiff’s objections [12] are overruled. The court is required by 28 U.S.C. Section 1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.

The Prison Litigation Reform Act requires an inmate to exhaust the available administrative remedies before filing a § 1983 lawsuit. 42 U.S.C. § 1997e(a)(“[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted.”); *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir. 2000); *Perez v. Wisconsin Dept of Corrections*, 182 F.3d 532, 535-38 (7th Cir. 1999). There is no futility, sham or substantial compliance exception to this requirement, and a plaintiff seeking only monetary damages for ongoing conditions must still utilize the grievance procedure in place before filing suit. *Booth v. Churner*, 121 S.Ct. 1819 (2001)(PLRA requires administrative exhaustion even where grievance process does not permit award of money damages, if “some action” in response to a grievance can be taken); *Massey v*. Helman, 259 F.3d 641 (7th Cir. 2001)(inmate alleging failure to repair hernia timely must exhaust administrative remedies, even though surgery performed and only money damages sought). Exhaustion means properly and timely taking each step in the administrative process established by state procedures. *Pozo v. McCaughtry*, 286 F.3d 1022 (7th Cir. 2002)(failure to file timely administrative appeal constitutes failure to exhaust administrative remedies and bars section 1983 suit). Failure to follow the procedures through to their conclusion, including timely appealing a grievance denial, bars a suit under 42 U.S.C. § 1983.

First as to the grievance, the plaintiff says he filed an appeal of his classification to the Classification Department. Actually, his exhibit shows that he filed the required Detainee Request form and checked "Appeal of Classification" which he is required to do, on October 1, 2009. (He filed the instant lawsuit on October 15, 2009.) This is the initial step in the grievance process where a detainee can appeal his classification. In other words, the detainee can file a grievance wherein he grieves his classification.

Therefore, filing the grievance is not an appeal of a grievance, but rather a grievance wherein the detainee can grieve his classification. The plaintiff claims there were a second handwritten page to the grievance and that the TCJCD staff after becoming aware of the complaint, confiscated his complaint and the attachment page to the grievance. From a review of the first page of the grievance, apparently Tazewell administration wanted the input of the United States Marshall Service as the grievance was forwarded to the United States Marshall Service. In his complaint, the plaintiff claims he did not receive a response to his October 1, 2009 grievance, however, his own exhibit indicates that is not true. He filed a copy of the grievance showing the USMS responded and apparently that response was sent to the plaintiff. The USMS advised the plaintiff that classification decisions made by the Tazewell County Justice Center are not subject to review by the USMS. For appeals, the grievance procedure requires that when a detainee receives an answer, he can make one appeal. Any appeals must be filed within forty-eight (48) hours from the time the detainee received an answer. There is no indication that the plaintiff filed an appeal of the response to his grievance. In this case, the plaintiff did not make that one appeal of his October 1, 2009 grievance. As a result, pursuant to 42 U.S.C. Section 1997(e)(a), the plaintiff's entire lawsuit is dismissed for failure to exhaust administrative remedies.

Even had he filed his appeal, the plaintiff's lawsuit would have been dismissed. The plaintiff admitted that he was placed in "segregation" because the defendant felt unsafe around him and she feared for the safety of her staff due to his recent charges of having assaulted a federal employee. "A pretrial detainee cannot be placed in segregation as a punishment for a disciplinary infraction without notice and an opportunity to be heard; due process requires no less. But no process is required if he is placed in segregation not as punishment but for managerial reasons" such as lack of space, suicide risk, protection from other inmates **or to protect jail staff from the pretrial detainee**. *Higgs v. Carver*, 286 F.3d 437 (7th Cir. 2002)(citations omitted). Considering the criminal charges that were pending against the plaintiff at the time, Hostetler's concerns were well founded.

As to his denial of access to the court claim, it also fails. An access to the courts claim only arises if the plaintiff suffered "actual injury" from the inability to pursue a non frivolous claim. *Lewis v. Casey*, 116 S.Ct. 2174, 2179-80 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000); *Walters v. Edgar*, 163 F.3d 430, 434 (7th Cir. 1998)(actual injury occurs when plaintiff blocked from litigating a non frivolous case). The actual injury requirement is not waived even if systemic, continuous denials are alleged. *Ortiz v. Downey*, --- F.3d ----, 2009 WL 839515 (7th Cir. 2009). Here, the plaintiff merely alleges

that due to his classification, he could not go to the law library. "[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendants' alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonably prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States*, 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim). However, access means more than just the ability to file a complaint or appeal. An access claim is also stated when "denial of access to legal materials caused a potentially meritorious claim to fail." *Marshall v. Knight*, 2006 WL 1084267, — F.3d — (7th Cir. 2006).

Based on the foregoing:

1. Pursuant to 42 U.S.C. § 1997e(a), the plaintiff's entire lawsuit is dismissed for failure to exhaust administrative remedies prior to filing his lawsuit.
2. Although his lawsuit is dismissed, the plaintiff is still obligated to pay the filing fee in full. *See* 28 U.S.C.A. § 1915(b)(1). The clerk is directed to mail a copy of this order to the plaintiff's place of confinement, to the attention of the trust fund office. Release from incarceration does not relieve the plaintiff's obligation to pay the filing fee in full. The plaintiff must notify the clerk of the court of a change of address and phone number within seven days of such change.
3. If the plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.
4. Further, the plaintiff's letter, which the court construes as a motion offering to withdraw his complaint if the court will vacate its order granting *in forma pauperis* and directing payments [9] is denied.

Enter this 22nd day of March 2010.

__s/Harold A. Baker__
Harold A. Baker
United States District Judge